IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| SANJUANA TORRES,<br><br>    Plaintiff<br><br>Vs.<br><br>GULLY TRANSPORTATION, INC., AND DOMONICK BELL,<br><br>    Defendant. | CASE NO.: 4:21-cv-23<br><br>**PLAINTIFF'S AMENDED PETITION** |

**COMES NOW** the Plaintiff, by and trough the undersigned, and in support of her cause of action against the Defendants, Domonick Bell and Gully Transportation, Inc., states:

## JURISDICTIONAL AND FACTUAL ALLEGATIONS

1. Plaintiff Sanjuana Torres (hereinafter referred to as Torres) is an individual who at all times material hereto resided in Le Sueur, Le Sueur County, Minnesota.

2. Defendant Domonick Bell (hereinafter referred to as Defendant Bell) was the driver of a Kenworth semi which was pulling a trailer with Defendant "Gully Transportation" livery on the side and the trailer was displaying an Illinois plate "541 199 ST".

3. Defendant Gully Transportation (hereinafter referred to as Gully) is a corporation organized under the laws of the State of Delaware with its principal place of business in Quincy, Illinois.

4. On July 23, 2018, Defendant Bell was an agent and/or employee of Defendant Gully.

5. On July 23, 2018, Plaintiff Sanjuana Torres was a rear seat passenger in a 2008 Chevrolet Pickup Silverado K1500 crew cab pickup truck driven by Luis Pesina traveling southbound on Interstate 80 at about mile marker 116.5 in Story County Iowa.

6. At the same time place, driver Luis Pesina, was stopped in the right hand or inside lane of southbound Interstate 80 traffic due a prior collision ahead.

7. At the same time place, the Defendant Bell, caused the semi he was operating to "clip" the driver's side rear of the 2008 Chevrolet Pickup Silverado K1500 crew cab pickup truck that Ms. Torres was the passenger in.

8. At the same time place, the Defendant Bell failed to stop and continued to travel southbound and left the scene of the collision.

9. As a result of the collision described in preceding paragraph 7, Plaintiff Sanjuana Torres sustained permanent physical, mental and emotional damages and has and will incur in the future, doctor, hospital and related medical expenses, lost wages; has and will suffer pain and mental anguish.

10. That this Court has jurisdiction over the parties.

11. That this Court has jurisdiction over the subject matter.

12. The amount in controversy exceeds the minimum jurisdictional amount of this court.

13. Venue is proper pursuant to Iowa Code Section 616.18.

## COUNT I: NEGLIGENCE - DEFENDANT BELL

COMES NOW the Plaintiff, and in support of her cause of action set forth in Count I against Defendant, states:

14. Plaintiff re-pleads and re-alleges each of the allegations set forth in Paragraphs 1 through 13 of the Jurisdictional and Factual Allegations of this Petition at Law and incorporates the same by reference as though fully set forth herein.

15. On July 23, 2018, Defendant Bell was negligent in the operation of the subject vehicle.

16. That Defendant drove the subject vehicle in such a negligent manner as to cause it to collide with Plaintiff's vehicle, causing injuries and damages.

17. That Defendant Bell was negligent in one or more of the following particulars, to-wit:

    a) in failing to maintain a proper lookout in violation of Iowa common law;

    b) in failing to stop within an assured clear distance ahead in violation of Iowa Code section 321.285;

    c) in operating a vehicle in a reckless manner;

    d) in failing to have the vehicle he was operating under control in violation of both Iowa common law and the statutory provisions of Iowa Code § 321.288;

    e) in failing to yield the right of way in violation of Iowa Code Section 321.321; and

    f) in failing to exercise reasonable care in the operation of a motor vehicle as required by Iowa common law.

18. The negligence of Defendant Bell was a proximate cause of the resulting injuries and damages sustained by Plaintiff.

19. As a direct and proximate result of the negligence of Defendant Bell, Plaintiff has suffered permanent injuries and hereby makes claims for the following elements of loss and damages:

    a) past medical expenses;

    b) future medical expenses;

    c) past physical pain and mental suffering, including loss of enjoyment of life;

    d) future physical pain and mental suffering, including loss of enjoyment of life;

    e) past loss of function of the body;

    f) future loss of function of the body;

    g) past lost wages;

    h) loss of future earning capacity;

   i) out of pocket expenses;

   j) reasonable value of home nursing care; and

   k) any other element of loss recognized by Iowa law, but not particularly set forth herein.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment in her favor and against Defendant Bell, in an amount which would reasonably compensate the Plaintiff for her damages, together with interest thereon at the maximum legal rate plus the costs of this action.

### COUNT II: RESPONDEAT SUPERIOR/IMPUTED NEGLIGENCE TO DEFENDANT GULLY TRANSPORTATION, INC.

COMES NOW the Plaintiff, and in support of her cause of action set forth in Count I against Defendant Gully, states:

20. Plaintiff re-pleads and re-alleges each of the allegations set forth in paragraphs 1 through 13 of the Jurisdictional and Factual Allegations and paragraphs 15 through 19 of Count I of this Petition at Law and incorporates them by reference as if fully set forth herein.

21. On July 23, 2018, Defendant Bell was operating the motor vehicle in question while Bell was acting within the scope of his employment with Defendant Gully.

22. As owner of the vehicle and as employer of Defendant Bell, Defendant Gully is likewise responsible for the injuries and loss to the Plaintiff pursuant to the ownership/employment statute provisions of Iowa Code section 321.493.

23. The negligence of Defendant Bell, which was a proximate cause of the resulting injuries and damages to the Plaintiff, Sanjuana Torres, is imputed to Defendant Gully, pursuant to Iowa Code section 321.493.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter judgment in her favor and against Defendants Bell and Gully, in an amount which would reasonably compensate the Plaintiff for her damages, together with interest thereon at the maximum legal rate plus the costs of this action.

### JURY DEMAND

The above-named Defendants are hereby notified Plaintiff demands trial by jury on all issues presented in this Petition at Law.

Respectfully submitted,

_____
Thomas P. Tully          AT0011150
Christopher Johnston  AT0012625
Johnston & Martineau LLP
7900 Hickman Road, Suite 200
Windsor Heights, IA 50324
Phone: (515) 493-4878
Fax:    (515) 414-7782
Email: Tully@JMLegal.com
Email: CJohnston@JMLegal.com

**ATTORNEYS FOR PLAINTIFF
SANJUANA TORRES**